CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/21/2021
JULIA C. DUDLEY, CLERK
BY:  s/ CARMEN AMOS
       DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | | |
|---|---|---|
| **VALERIE DUFORT** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 6:21CV00054** |
| | § | |
| **LIBERTY UNIVERSITY** | § | |
| SERVE:  Registered Agent | § | **JURY TRIAL DEMANDED** |
| David M. Corry | § | |
| 1971 University Blvd., | § | |
| Lynchburg, VA  24515 | § | |
| | § | |
| **Defendant.** | § | |

## ORIGINAL COMPLAINT

Plaintiff Valerie Dufort ("Plaintiff"), by and through her attorneys, Ellwanger Law LLLP, brings this action for damages and other legal and equitable relief from Defendant, Liberty University ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Virginia Human Rights Act, Va. Code Ann. §§ 2.2-3905 *et seq.*

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of retaliation. Defendant's acts of retaliation are  in violation of Title VII and any other causes of action that can be inferred from the facts set forth herein.

2. Defendant employed Ms. Dufort at its university in Lynchburg, VA. Throughout Plaintiff's employment with Defendant, Plaintiff was subjected to retaliation for engaging in activity protected under Title VII and other applicable statutes.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq.*, as amended, and (iii) 42 U.S.C. §§ 1981 *et seq.*, as amended.

4. The Court's supplemental jurisdiction is invoked by 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendant maintains offices and conducts business in this district.

## PARTIES

6. Plaintiff Dufort is a person who has been aggrieved by Defendant's actions. She is, and has been, at all relevant times, a resident of Virginia.

7. At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII.

8. Defendant's address is 1971 University Blvd., Lynchburg, VA 24515. Upon information and belief, Defendant employs over one thousand (1000) persons.

9. During all relevant times, Defendant has been an employer covered by Title VII.

10. Defendant transacted and continues to transact business in Virginia by, among other things, employing persons at that university located within Virginia and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11. Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

12. On July 23, 2021, Plaintiff was mailed her Notice of Right to Sue from the EEOC.

## STATEMENT OF FACTS

13. Ms. Dufort was employed as an Investigator at Liberty University's Office of Equity and Compliance, located at 1971 University Blvd., Lynchburg, VA 76548, from September 2017 to June 9, 2020.

14. During her employment as an Investigator, she was subjected to a rampant culture of retaliation for her efforts to remedy discrimination faced by minority students and employees at the University.

15. In or around April 2019, Ms. Dufort conducted an intake with a male bisexual student who had allegedly been physically abused by his girlfriend. Based on her professional judgement, after gathering information from those involved in the incident, Ms. Dufort found that his allegations were credible.

16. Ms. Dufort advocated that this student receive justice, but the complaint was ultimately dismissed due to his gender, male, and sexual orientation. It was clear to Ms. Dufort that this student's complaint was treated differently by the Defendant than similar complaints brought by straight females.

17. At the conclusion of the investigation, in or around December 16, 2019, Ms. Dufort was interviewed by Sean Gibbons, an investigator who was also investigating the student's claim.

In this interview, Ms. Dufort raised her opposition to how the student's claims were being treated differently based on his gender, male, and sexual orientation, citing specific cases that were handled differently by the office.

18. The investigator informed Ms. Dufort's supervisors, Nathan Hopkins, and Stephany Steger, about Ms. Dufort's opposition to the discriminatory fashion that this complaint was being handled. Ms. Dufort was immediately denied the ability to perform her job effectively after her interview with Mr. Gibbons.

19. Ms. Steger immediately stopped assigning Ms. Dufort cases to work on.

20. Mr. Hopkins cancelled all meetings previously scheduled with Ms. Dufort without explanation and cancelled all her scheduled trainings.

21. The office began assigning Ms. Dufort tasks that are typically reserved for secretaries.

22. Ms. Dufort reported this treatment to Steven Foster at Liberty University's Human Resources department on January 28, 2020, and then again on February 11, 2020, but no remedial action was taken because of either complaint.

23. On February 14, 2020, Mr. Hopkins and Ron Kennedy, Executive Vice President, responded to Ms. Dufort's complaints to HR by crafting a Performance Improvement Plan with five items purportedly needing improvement. Four of the five items had never drawn any disciplinary action in the past.

24. In March 2020, Ms. Dufort requested to telework one day to accommodate her family needs due to the COVID-19 pandemic. Mr. Hopkins refused to approve Ms. Dufort's request despite approving the same requests by similarly situated employees.

25. In order to take care of Ms. Dufort's immunocompromised husband, she was forced to seek unpaid leave. Ms. Dufort then had to contact Mr. Kennedy to receive some sort of response to her request. Mr. Kennedy approved Ms. Dufort's request for leave.

26. Upon Ms. Dufort's return to the office on May 6, 2020, Mr. Hopkins immediately had a meeting with her to chastise Ms. Dufort about not adhering to the Performance Improvement Plan by requesting accommodation to take care of her family's needs.

27. Due to the immense mental and emotional toll of this retaliation and Ms. Dufort's belief, based on the retaliatory treatment to which she was subjected, that Mr. Hopkins was looking for an excuse to terminate her, Ms. Dufort was constructively discharged on June 9th, 2020.

## AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*
### (Retaliation)

28. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

29. Plaintiff lodged complaints with Defendant regarding discrimination based on sex, male, and sexual orientation and, as such, engaged in protected activity under Title VII.

30. Defendant retaliated against Plaintiff by making her job performance more difficult to perform, and otherwise subjecting her to negative terms and conditions of her employment as set forth in Paragraphs 19 through 26, above, leading to her constructive discharge.

31. The conduct alleged herein violates Section 704 of Title VII of the Civil Rights Act of 1964, amended, 42 U.S.C §§ 2000e *et seq.*

32. Plaintiff's requests for relief are set forth below.

## AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### The Virginia Human Rights Act, Va. Code Ann. §§ 2.2-3905 *et seq.*

33. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

34. The conduct alleged herein violates the Virginia Human Rights Act, as amended, Va. Code Ann. §§ 2.2-3905 *et seq.*, as Plaintiff was retaliated against after reporting discrimination based upon sex, male, and sexual orientation to Defendant.

35. Plaintiff's requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Virginia Human Rights Act, as amended, Va. Code Ann §§2.2-3905 *et seq.*

B. All damages which Plaintiff has sustained because of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits they would have received but for Defendant's retaliatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and to deter future malicious, reckless, and/or intentional conduct;

D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

E. Pre-judgment and post-judgment interest, as provided by law;

    F.    That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

    G.    Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

    H.    Training on the subject of discrimination based upon sex, including discrimination based upon sex orientation, and training regarding the prohibition against retaliation for engaging in protected activity for all of Defendant's supervisors.

    I.    Training of all employees regarding retaliation, including the reporting procedures for reporting such retaliation, conducted by reputable outside vendors;

    J.    Supervisory discipline up to and including termination for any employee who engages in discrimination based upon sex, including sexual orientation and any employee who engages in retaliatory practices,

    K.    Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: October 21, 2021

Respectfully submitted,

/s/ Bernard J. DiMuro

Bernard J. DiMuro (VSB #18784)
DIMURO GINSBERG, PC
1101 King Street, Suite 610
Alexandria, Virginia 22314
Tel: (703) 684-4333
bdimuro@dimuro.com


Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
David Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
**Ellwanger Law LLLP**
400 S. Zang Blvd.
Suite 600
Dallas, Texas 75208
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**COUNSEL FOR PLAINTIFF**

8