**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **VALERIE DUFORT** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 6:21-cv-00054** |
| **v.** | § | |
| | § | |
| **LIBERTY UNIVERSITY** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Valerie Dufort ("Plaintiff"), by and through her attorneys, respectfully requests the Court reconsider its Order and accompanying Memorandum in Support ("the Opinion and Order," Dkt. No. 34 & 35) granting Defendant Liberty University, Inc.'s ("Defendant") Motion for Summary Judgment and dismissing Plaintiff's claims. Plaintiff would show the Court as follows:

**I.       INTRODUCTION**

This Court's Opinion and Order granting Defendant's Motion for Summary Judgment relied entirely on its conclusion that Plaintiff had not set forth a valid claim for retaliation because Plaintiff did not prove that she had engaged in protected activity under Title VII. (Dkt. No. 34 at p. 8).  Even though Plaintiff was Defendant's employee and suffered workplace discrimination and retaliation in response to her complaints about Defendant's discriminatory practices, the Court still found that Plaintiff's complaints were not protected activity under Title VII.

Plaintiff respectfully requests that the Court reconsider, alter, or amend its Opinion and Order, pursuant to FED. R. CIV. P. 59(e). Defendant unlawfully subjected Plaintiff to a hostile work

environment and retaliated against her in her workplace because she complained that Defendant's discriminatory treatment of a student was in violation of Title IX.  After Plaintiff opposed Defendant's discriminatory policies, including opposing Defendant's retaliatory hostile work environment that Plaintiff suffered from, Defendant not only put Plaintiff on a PIP, but also ostracized her within her work environment, withheld work, and refused to allow her to attend trainings. Defendant's actions were due to Plaintiff's "protected activity" under the required broad reading of Title VII. Therefore, Plaintiff requests that the Court reconsider its Opinion and Order pursuant to Rule 59(e) to correct a clear error of law in granting Defendant summary judgment.

## II.     Plaintiff's Complaints Regarding Discrimination Unlawful Discrimination is Protected Activity under Title VII

As recognized recently by the Fourth Circuit, "the anti-retaliation provision [of Title VII] seeks not to deter status-based discrimination, but employer retribution that chills employee opposition to discrimination." *Laurent-Workman v. Wormuth,* 54 F.4th 201, 216 (4th Cir. Nov. 29, 2022). This expansive reading of Title VII's anti-retaliation provision is required to reach Title VII's intended goal "to provide broad protection from retaliation." *Id.* (citing *DeMasters v. Carilion Clinic,* 796 F.3d 409, 418 (4th Cir. 2015)); *see also Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) (stating that "interpreting the antiretaliation provision to provide broad protection from retaliation helps ensure the cooperation upon which accomplishment of the Act's primary objective depends").

This broad definition means that the threshold for oppositional conduct is not onerous. *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015). Instead, "[w]hen an employee communicates to her employer a belief that the employer has engaged in ... a form of employment discrimination, that communication virtually always constitutes the employee's *opposition* to the activity." *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.,*555 U.S. 271, 276, 129

**MOTION FOR RECONSIDERATION**

S.Ct. 846, 172 L.Ed.2d 650 (2009) (internal quotation marks omitted) (citing 2 EEOC Compliance Manual §§ 8–II–B(1), (2), p. 614:0003 (Mar. 2003)).

Pursuant to the required "expansive view" of oppositional conduct, Plaintiff engaged in protected conduct covered by Title VII's anti-retaliation provisions. The facts as presented and relied upon by the Court were that (1) Plaintiff complained about Defendant's discriminatory policies; (2) Defendant subjected Plaintiff to a hostile work environment in retaliation; (3) Plaintiff complained about the hostile work environment; (4) Plaintiff was put on a performance improvement plan that her supervisor used to increasingly retaliate against her until she was forced to resign. Plaintiff's complaints about the workplace discrimination and hostility must be protected activity under Title VII.

Plaintiff reported the hostile work environment to Defendant on January 28, 2020, including "the ostracization, withholding of office communications, and the failure to assign her work." (Dkt. No. 25, at p. 19). Defendant's Human Resources Department admits that Plaintiff did in fact complain about her hostile work environment, and that they failed to take the required action in response. (*Id.* at p. 19-20). Mr. Foster, head of Defendant's Human Resources department, testified that "I should have gotten back with her and had a conversation or at least listened to her." (*Id.*). Plaintiff again reached out to Mr. Foster on February 11, 2020, requesting that she be able to transfer positions without the required consent of her supervisor Mr. Hopkins - who was discriminating and retaliating against her. Plaintiff was ignored. Indeed, the only action taken was that Plaintiff was put on a performance improvement plan within three days of contacting Human Resources requesting a transfer away from her harasser. (*Id.*) After she was put on the PIP, her harasser, Mr. Hopkins, used the PIP to increasingly retaliate against her. (*See e.g.,* Dkt. No. 25 at p. 21-22).

The Opinion and Order found that even assuming "all Plaintiff's allegations are true, her activity was not protected under Title VII." (Dkt. No. 34 at p. 8).  This is an error of law, as Plaintiff's complaint about a retaliatory hostile work environment is "activity protected under Title VII." Plaintiff was subjected to a hostile work environment by Defendant after complaining about the discriminatory Title IX policies. Plaintiff then complained to Defendant about the hostile work environment and was retaliated against. This is "activity protected under Title VII." *Jordan v. Alternative Resources Corp.,* 467 F.3d 378, 380 (4th Cir. 2006) (stating that complaining employees are protected by Title VII once they have an objectively reasonable belief that a Title VII violation has occurred). Indeed, this Court has previously taken the required expansive view of what is activity protected under Title VII which is also required here. *See e.g., Owen v. Cnty of Franklin, Va.,* 358 F. Supp.3d 545, 551 (W.D. Va. 2019) (cleaned up) (finding that asking a supervisor to stop sexually harassing behavior is activity protected under Title VII because the Fourth Circuit takes "an expansive view of constitutes oppositional conduct.").

After Plaintiff complained about Mr. Hopkins continued perpetration of a hostile work environment, she suffered from increasing retaliation from Defendant – including being put on a PIP within days, and Mr. Hopkins then using that PIP to increasingly retaliate against her until she was forced to resign. Plaintiff's allegations therefore do state a claim for retaliation pursuant to Title VII, and Plaintiff did engage in protected activity. *See e.g., Laurent-Workman v. Wormuth,* 54 F.4th 201, 216 (4th Cir. Nov. 29, 2022) (finding that pursuant to Title VII's anti-retaliation provision a retaliatory hostile work environment is unlawful).

## III.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court reconsider its Opinion and Order finding that Plaintiff had not engaged in protected activity pursuant to Title VII and granting Defendant's Motion for Summary Judgment and dismissing Plaintiff's claims.

Dated: January 26, 2023                            Respectfully submitted,

Jay D. Ellwanger
*Admitted pro hac vice*
Texas State Bar No. 24036522
jellwanger@equalrights.law
David Henderson
*Admitted pro hac vice*
Texas State Bar No. 24032292
dhenderson@equalrights.law
J. Sebastian Van Coevorden
Texas State Bar No. 24128101
*Admitted pro hac vice*
svancoevorden@equalrights.law
**Ellwanger Law LLLP**
400 S. Zang Blvd.
Suite 600
Dallas, Texas 75208
Telephone: (737) 808-2260
Facsimile: (737) 808-2262
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this 26th day of January 2023, a true and accurate copy of the foregoing document was served on counsel of record through the Court's ECF system.

Jay D. Ellwanger

MOTION FOR RECONSIDERATION

5