CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/4/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| VALERIE DUFORT,<br><br>        *Plaintiff*,<br><br>v.<br><br>LIBERTY UNIVERSITY,<br><br>        *Defendant*. | CASE NO. 6:21-cv-00054<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

Plaintiff Valerie Dufort requests that the Court reconsider its memorandum opinion and order granting Defendant Liberty University's motion for summary judgment and dismissing Plaintiff's retaliation claim. For the following reasons, the Court will deny her motion for reconsideration.

Under Fed. R. Civ. P. 59(e), a court may alter or amend a judgment if the movant shows "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice."[1] *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). This is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted). Plaintiff seeks reconsideration pursuant to Rule 59(e), arguing that the Court committed a clear legal error when it found that her activity was not protected under Title VII of the Civil Rights Act. Dkt. 40 at 3–4; Dkt. 44 at 3. The Court disagrees and finds that it committed no clear error of law. *See* Dkts. 34, 35.

---

[1] Plaintiff only argues that there has been a clear error of law, and thus, the Court does not consider the other two prongs of this rule.

To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in protected activity; (2) she suffered an adverse employment action by the defendant; and (3) the defendant took the adverse action because of the protected activity. *Bryant v. Aiken Reg'l Med. Centers, Inc.*, 333 F.3d 536, 543 (4th Cir. 2003). "Protected activities fall into two distinct categories: participation or opposition." *Laughlin v. Met. Wash. Airports*, 149 F.3d 253, 259 (4th Cir. 1998) (citing 42 U.S.C. § 2000e-3(a)). Participation activities include making a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a).[2] Oppositional activities "include staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities," but "only when an employee has an objectively reasonable belief in light of all of the circumstances that a Title VII violation has happened or is in progress is the employee's conduct protected." *McIver v. Bridgestone Americas, Inc.*, 42 F.4th 398, 411 (4th Cir. 2022) (cleaned up). Thus, "[e]mployees engage in protected oppositional activity when, inter alia, they complain to their superiors about suspected violations of Title VII." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (internal quotation marks omitted).

Title VII protects an employee who opposes both actions that are "actually unlawful under Title VII" and those she "reasonably believes to be unlawful." *Id.* at 282. The "threshold for oppositional conduct is not onerous"— rather, "[w]hen an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always constitutes the employee's *opposition* to the activity." *DeMasters v. Carilion Clinic*, 796 F.3d 409, 417 (4th Cir. 2015) (quoting *Crawford v. Metro.*

---

[2] Plaintiff's conduct does not amount to participation activity because she participated in an external investigation about Defendant's alleged discrimination of a student during its Title IX investigation, not a Title VII one. Dkt. 25 at 26; Dkt. 23-2 at 23.

*Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 276 (2009) (emphasis in original)).

However, "Title VII is not a general bad acts statute," and as such, "it does not prohibit employers from retaliating against an employee based on her opposition to discriminatory practices that are outside the scope of Title VII." *Bonds v. Leavitt*, 629 F.3d 369, 384 (4th Cir. 2011) (citing *Crowley v. Prince George's Cnty., Md.*, 890 F.2d 683, 687 (4th Cir. 1989)). Notably, Title VII does "not prohibit sex discrimination against students; rather, Title IX protects students from sex discrimination." *Stennis v. Bowie State Univ.*, 716 F. App'x 164, 167 (4th Cir. 2017) (citing 20 U.S.C. § 1681(a)).

In her motion for reconsideration, Plaintiff first claims that she was engaged in protected oppositional activity when she complained about Defendant's discriminatory policies toward a male student—who was not an employee of Defendant. Dkt. 40 at 3. However, the Fourth Circuit has previously rejected a similar type of argument. In *Crowley*, the Fourth Circuit considered a plaintiff's claim that he was retaliated against under Title VII "for his involvement in the investigation of racial harassment claims against the police department." 890 F.2d at 687. The court emphasized that the plaintiff "complains, however, not that he has been retaliated against for investigating discriminatory *employment* practices within the police department, but for investigating instances of racial harassment perpetrated by officers against members of the community." *Id.* (emphasis in original). It found that accepting the plaintiff's claim would "authorize retaliation actions under Title VII for anyone whose job entails the investigation of any claim of discrimination against his or her employer, without regard to whether the claimed discrimination relates to a practice of employment," as the statute so provides. *Id.* The court continued by explaining that "[t]o find in Title VII protection for whistle-blowers on each and every instance of discrimination on the part of an employer is more than we think the plain

language of its provisions will support." *Id.* Thus, the Fourth Circuit found that the plaintiff's retaliation claim was "not cognizable under Title VII." *Id.*[3]

Like *Crowley*, Plaintiff did not engage in Title VII protected activity when she complained about Defendant's alleged discriminatory practices during its investigation of a male student—who was not an employee of Defendant. While she opposed what she believed to be sex discrimination, she does not state any facts or provide any evidence to support that she opposed discrimination against herself or another employee of Defendant. *See generally* Dkts. 25, 40. The record also does not support that she was "retaliated against for investigating discriminatory *employment* practices" by Defendant.[4] *Id.*; *Crowley*, 890 F.2d at 687.

Second, Plaintiff claims that she engaged in protected activity when she filed a complaint to Defendant's human resources about the retaliatory hostile work environment she experienced. Dkt. 40 at 2–3; Dkt. 44 at 5–6. The record, however, does not support that she or another employee experienced a hostile work environment on account of her or his race, color, religion, sex, or national origin, as provided under Title VII. *See* 42 U.S.C. § 2000e–2(a). Rather, the

---

[3] *See also Bonds v. Leavitt*, 629 F.3d 369, 383–85 (4th Cir. 2011) (holding that the activity of a National Institutes of Health employee, who claimed that she was opposing racial discrimination by seeking to destroy cell lines created in sickle-cell clinical drug trials from material provided by African Americans, was not protected activity under Title VII because it was not in opposition to an unlawful employment practice); *Okusami v. Md. Dep't of Health & Mental Hygiene*, No. 18-cv-1701, 2019 WL 1003607, at *23 (D. Md. Feb. 28, 2019) (rejecting the Title VII retaliation claim because, while the psychiatrist plaintiff had a plausible claim that he "opposed [his employer's] position on patient treatment," and alleged, "on that basis, [the employer] subsequently fired him," that was not activity "protected under Title VII") (citing *Bonds*, 629 F.3d at 384).

[4] As discussed in the Court's memorandum opinion, it was not reasonable for Plaintiff to believe that the perceived discrimination against a male student—who was not an employee of Defendant—violated Title VII. *See Stennis*, 716 F. App'x at 167 (finding a professor failed to allege that she engaged in protected oppositional activity under Title VII for voicing concerns about students being discriminated against on the basis of their gender and sexual orientation by faculty members).

5

record indicates that the alleged hostile work environment occurred after she complained about Defendant's alleged discriminatory treatment of a student—who was not an employee of Defendant. Thus, her activity fails to be protected under Title VII because she was not opposing a discriminatory *employment* practice. *See Crowley*, 890 F.2d at 687.

Accordingly, Plaintiff's motion for reconsideration, Dkt. 40, will be denied.

The Clerk of Court is directed to send this Memorandum Opinion to all counsel of record.

Entered this **4th** day of April, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE