CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/17/2023
LAURA A. AUSTIN, CLERK
BY: s/ CARMEN AMOS
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| VALERIE DUFORT,<br><br>        *Plaintiff*,<br>v.<br><br>LIBERTY UNIVERSITY,<br><br>        *Defendant.* | CASE NO. 6:21-cv-00054<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

  After this Court awarded summary judgment in favor of Defendant Liberty University, the Defendant, as the prevailing party, filed a bill of costs seeking $3,926.50 from Plaintiff. Dkt. 38. Plaintiff filed objections to the bill of costs. Dk. 41. Defendant replied to Plaintiff's objections. Dkt. 43.

  "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule is "straightforward," codifying "a venerable presumption that prevailing parties are entitled to costs." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 376-377 (2013); *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) ("The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs."). It is therefore "incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (citing *Teague*, 35 F.3d at 996) (unpublished, per curiam).

  The decision whether to award costs "ultimately lies within the sound discretion of the district court." *Marx*, 568 U.S. at 377. The Fourth Circuit has explained that "where the district

court feels that aberration from this general rule is appropriate, the court must justify its decision by articulating some good reason for doing so." *Teague*, 35 F.3d at 996 (internal quotation marks and citation omitted). Any reasons must be such that "there would be an element of injustice in a presumptive cost award." *Ellis*, 434 F. App'x at 235 (citing *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999)). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis*, 434 F. App'x at 235 (citing *Cherry*, 186 F.3d at 446).

Plaintiff objects to the Bill of Costs based on her inability to pay; the difficulty of issues involved; Defendant's failure to utilize the deposition of Erika Woolfolk; and Defendant's use of a private process server.

    A. *Plaintiff's general objections to the Bill of Costs*

        1. *Inability to pay*

Because there is a "presumption in favor of an award of costs to the prevailing party" *Teague*, 35 F.3d 996, Plaintiff must sufficiently support her contention that she is unable to pay the costs if she wishes to rebut the presumption. Plaintiff argues that she "has a fixed limited income and is unable to pay the costs[.]" Dkt 41 at 3. She has monthly retirement income of approximately $4,000 per month. *Id.* Plaintiff has remained unemployed since she departed employment with Defendant.[1] *Id.* She applied to one job, with no response, and inquired about Title IX positions at UVA "although there have been no available positions[.]" *Id.* Plaintiff argues that this course of events shows that she "has been unable to secure new employment." *Id.*

---

[1] Plaintiff's employment with Defendant ended on June 9, 2020. Dkt. 1 ¶ 27.

Plaintiff does not offer any further information about her assets or expenses, or indicate that she has applied to more than one job in the years since she ceased to work for Defendant.

Plaintiff cites several cases in which courts of this District refrained from awarding costs based on the non-prevailing party's inability to pay. Upon reviewing these decisions, the Court finds that they reflect situations materially different from Plaintiff's. In *Alcorn v. Crest Ultrasonic Corp.*, a disabled plaintiff offered a sworn affidavit outlining her Social Security income, assets, and debts. No. 7:17-cv-227, 2019 WL 8353308, at *2 (W.D. Va. Mar. 28, 2019), *report and recommendation adopted*, No. 7:17-cv-00227, 2019 WL 8353307 (W.D. Va. July 9, 2019). In *Musick v. Dorel Juvenile Group, Inc.*, the plaintiff, who suffered serious brain injury that would require $9 million worth of care over her lifetime, provided information about the income of both of her parents—the annual total of which was less than the amount the Defendants sought to tax. No. 1:11-cv-00005, 2012 WL 473994, at *1 (W.D. Va. Feb. 13, 2012). And in *Merritt v. Old Dominion Freight Line, Inc.*, the unsuccessful plaintiff testified that her annual income was only $8,000; that she had more than $20,000 in credit card debt; and that she had sought jobs in multiple industries and was hindered from returning to work in trucking due to a negative reference from the defendant, her prior employer; and that she could not make ends meet and had sold most of her possessions, including her furniture, in order to survive. No. 6:07-cv-00027, 2009 WL 1362378, at *1 (W.D. Va. May 15, 2009).

The contrast between these decisions and the case at hand is clear. As noted above, Plaintiff provides no information about her economic situation other than the fact of her monthly retirement payment, and does not indicate that she suffers from any condition that prevents her from continuing to seek work. Dkt. 41 at 3. She provides no information about her assets or her liabilities. In the absence of more information about Plaintiff's financial situation, or indication

that she suffers economic hardship despite an earnest search for employment, the Court finds that her argument based on inability to pay cannot overcome the presumption that a prevailing party can tax costs.

### 2. *The closeness and difficulty of issues involved*

Plaintiff argues that costs should not be taxed because of the "complex facts at issue" in the question of whether Plaintiff had engaged in protected activity under Title VII or the Virginia Human Rights Act (VHRA). Dkt. 41 at 5.

This Court awarded summary judgment to the Defendants in this case because Plaintiff did not engage in protected activity within the scope of Title VII or the VHRA. Dkt. 34 at 1. Both Title VII and prohibit retaliation for opposition to discriminatory *employment* practices, and Plaintiff objected to the treatment of someone who was not an employee or job applicant of Defendant. *Id.* 8–11. The Court does not consider the issues in this case sufficiently close or complex to overcome the presumption that Defendant is entitled to tax its costs. *See, e.g.*, *Spivey v. Mohawk ESV, Inc.*, No. 7:19-cv-670, 2022 WL 363749, at *2 (W.D. Va. Aug. 24, 2022) (fact that case was decided on summary judgment "indicate[d] that the decision was not close or difficult" so as to deny costs).

### B. Plaintiff's objections to specific costs

### 1. *Erika Woolfolk's appearance costs*

"A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987). Plaintiff is correct to cite this case for principles that govern the taxation of deposition costs. Dkt. 41 at 7. However, Plaintiff misapplies *LaVay* when she argues that she should not be taxed for $51.25 in appearance costs for Erika Woolfolk. Plaintiff

contends that because Defendant failed to cite Woolfolk's deposition in its summary judgment briefing, Woolfolk's appearance cost was not reasonably incurred. *Id.* Woolfolk is a former Office of Equity and Compliance investigator. *Id.* at 7.

In *LaVay*, which was appealed after trial, the Fourth Circuit rejected the proposition that only costs for deposition transcripts that were introduced at trial were taxable, and remanded for inquiry into whether depositions which were not introduced at trial "were reasonably necessary for preparation for trial at the time they were taken." 830 F.2d at 528. To apply the standard that Plaintiff requests would strain against the precedential *LaVay* decision. While summary judgment and trial are not precise analogues, *LaVay*'s holding indicates that subsequent use or non-use of a deposition is not dispositive as to whether the deposition was reasonably taken.

Since the only argument that Plaintiff offers against taxing the Woolfolk witness costs is that her deposition was not used in summary judgment briefing, the Court has no basis to conclude that the deposition was unreasonably taken or that the fee is incorrect. For this reason, the Court will award the $50.25 appearance fee to Defendant.

   2. *Private Process Server*

Plaintiff correctly notes that the cost of private service of process does not appear among the taxable items listed in 18 U.S.C. § 1920(1). Dkt. 41 at 8.  In the absence of a Fourth Circuit ruling that private process server fees are to be treated like fees of the clerks and marshals, the Court will follow this District's general practice of applying § 1920 as written, and deny the $75.00 cost. *See Webb v. Kroger Ltd. P'ship I*, No. 7:16-cv-00036, 2017 WL 2651721, at *1 (W.D. Va. June 19, 2017) (denying taxation of private service of process costs and collecting cases).

In conclusion, the court **OVERRULES** Plaintiff's Opposition to Defendant's Bill of Costs, Dkt. 41, except in regard to private service of process. The court **AWARDS** costs to Defendant in the amount of $3,851.50.

It is so **ORDERED**.

The Clerk of Court is directed to deliver a copy of this Memorandum Opinion and Order to all counsel of record.

Entered this 17th day of October, 2023.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE